# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **TERESA CUNNINGHAM,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:14-cv-332-PMW** |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

Before the court is Teresa Cunningham's ("Plaintiff") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id.* §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case.

## BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In December 2010, Plaintiff applied for DIB and SSI, alleging disability beginning on July 15, 2010.[1] Plaintiff's applications were denied initially and upon reconsideration.[2] On July 15, 2011,

---

[1] *See* docket no. 8, Administrative Record ("Tr. ____") 155-68.

[2] *See* Tr. 81-84.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on September 13, 2012.[4]  On September 24, 2012, the ALJ issued a written decision denying Plaintiff's claim for DIB and SSI.[5]  On March 19, 2014, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On May 5, 2014, Plaintiff filed her complaint in this case.[7]  The Commissioner filed her answer and the administrative record on July 10, 2014.[8]  On July 18, 2014, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[9]  Consequently, this case was assigned to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[10]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

---

[3] *See* Tr. 106-07.

[4] *See* Tr. 53-80.

[5] *See* Tr. 26-52.

[6] *See* Tr. 8-12.

[7] *See* docket no. 3.

[8] *See* docket nos. 7-8.

[9] *See* docket nos. 14.

[10] *See id.*

Plaintiff filed her opening brief on September 5, 2014.[11]  The Commissioner filed her answer brief on September 23, 2014.[12]  Plaintiff filed her reply brief on October 21, 2014.[13]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).  The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).  "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).  If a

---

[11] *See* docket no. 17.

[12] *See* docket no. 18.

[13] *See* docket no. 19.

determination can be made at any one of the steps that a claimant is or is not disabled, the

subsequent steps need not be analyzed.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in
> substantial gainful activity.  If [the claimant] is, disability benefits
> are denied.  If [the claimant] is not, the decision maker must
> proceed to step two: determining whether the claimant has a
> medically severe impairment or combination of impairments. . . . If
> the claimant is unable to show that his impairments would have
> more than a minimal effect on his ability to do basic work
> activities, he is not eligible for disability benefits.  If, on the other
> hand, the claimant presents medical evidence and makes the *de
> minimis* showing of medical severity, the decision maker proceeds
> to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R.

§§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed

impairments that . . . are so severe as to preclude substantial gainful activity . . . .  If the

impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to

benefits.  If not, the evaluation proceeds to the fourth step . . . ."  *Williams*, 844 F.2d at 751

(quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  At

the fourth step, the claimant must show that the impairment prevents performance of his "past

relevant work."  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  "If the claimant is able to

perform his previous work, he is not disabled."  *Williams*, 844 F.2d at 751.  If, however, the

claimant is not able to perform his previous work, he "has met his burden of proof, establishing a

prima facie case of disability."  *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step."  *Id*.  At

this step, the burden of proof shifts to the Commissioner, and the decision maker must determine

"whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work

in the national economy in view of his age, education, and work experience." *Id.*; *see* 20 C.F.R.

§§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If it is determined that the claimant "can make an

adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled.

If, on the other hand, it is determined that the claimant "cannot make an adjustment to other

work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

In support of her claim that the Commissioner's decision should be reversed, Plaintiff

presents several arguments.  Among other things, Plaintiff argues that the ALJ erred in his

evaluation of the opinions of Dr. David Grygla ("Dr. Grygla") and Dr. Joseph Nelson ("Dr.

Nelson").  That argument is dispositive of Plaintiff's appeal because it mandates reversal.

Accordingly, the court will address only that argument here and "will not reach the remaining

issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on

remand."  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v. Astrue*,

231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach

the remainder of [the plaintiff's] claims on appeal . . . .").

> In deciding how much weight to give a treating source
> opinion, an ALJ must first determine whether the opinion qualifies
> for controlling weight.  To make this determination, the ALJ . . .
> must first consider whether the opinion is well[ ]supported by
> medically acceptable clinical and laboratory diagnostic techniques.
> If the answer to this question is "no," then the inquiry at this stage
> is complete.  If the ALJ finds that the opinion is well[ ]supported,
> he must then confirm that the opinion is consistent with other
> substantial evidence in the record.  If the opinion is deficient in
> either of these respects, then it is not entitled to controlling weight.

> Even if a treating physician's opinion is not entitled to
> controlling weight, treating source medical opinions are still
> entitled to deference and must be weighed using all of the factors
> provided in [20 C.F.R. §§ 404.1527 and 416.927].  Those factors

> are:  (1) the length of the treatment relationship and the frequency
> of examination; (2) the nature and extent of the treatment
> relationship, including the treatment provided and the kind of
> examination or testing performed; (3) the degree to which the
> physician's opinion is supported by relevant evidence; (4)
> consistency between the opinion and the record as a whole; (5)
> whether or not the physician is a specialist in the area upon which
> an opinion is rendered; and (6) other factors brought to the ALJ's
> attention which tend to support or contradict the opinion.
>
> Under the regulations, the agency rulings, and [Tenth
> Circuit] case law, an ALJ must give good reasons . . . for the
> weight assigned to a treating physician's opinion . . . that are
> sufficiently specific to make clear to any subsequent reviewers the
> weight the adjudicator gave to the treating source's medical
> opinion and the reason for that weight.  If the ALJ rejects the
> opinion completely, he must then give specific, legitimate reasons
> for doing so.

*Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (quotations and citations omitted)

(sixth alteration in original); *see also* 20 C.F.R. §§ 404.1527(c), 416.927(c).

In this case, the ALJ's decision includes extensive summaries of the opinions of Dr.

Grygla and Dr. Nelson.  However, as conceded by the Commissioner, the ALJ did not include

any analysis of the weight he was according to those opinions.  The Commissioner argues,

however, that the ALJ's failure in that regard does not constitute reversible error for various

reasons.

The court disagrees and concludes that the Commissioner's arguments are nothing more

than an attempt to provide post hoc rationalization for the ALJ's treatment of the opinions of Dr.

Grygla and Dr. Nelson.  Such post hoc arguments are improper.  *See, e.g.*, *Haga v. Astrue*, 482

F.3d 1205, 1207-08 (10th Cir. 2007); *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005).

As noted above, "an ALJ must give good reasons . . . for the weight assigned to a treating

physician's opinion . . . that are sufficiently specific to make clear to any subsequent reviewers

the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." *Langley*, 373 F.3d at 1119 (quotations and citations omitted) (first alteration in original). The ALJ failed to do so with the opinions of Dr. Grygla and Dr. Nelson. The court concludes that the ALJ's failure in that regard constitutes reversible error.

## CONCLUSION AND ORDER

Based on the foregoing, the court concludes that the ALJ erred in his evaluation of the opinions of Dr. Grygla and Dr. Nelson. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **REVERSED AND REMANDED**.

**IT IS SO ORDERED**.

DATED this 5th day of February, 2015.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge